UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID EBRAHIMZADEH | Criminal No. 25-cr-10455-RGS |

**JOINT INTERIM STATUS REPORT AND REQUEST TO CANCEL HEARING**

Pursuant to Local Rule 116.5(b), the parties hereby file the following status report prepared in connection with the interim status conference on this matter scheduled for June 30, 2026, request that the status conference be cancelled, and request that one last interim status conference be scheduled in approximately 45 days and that the time be excluded until that date.

(1)     Automatic Discovery/Pending Discovery Requests

Per the agreement of the parties and the alternative discovery schedule adopted by this Court (Dkt. No. 27), on January 21, 2026, the Government provided a first production of automatic discovery, consisting of the bulk of automatic discovery materials currently available, including over 2.1 million bates labeled pages and/or electronic files within an electronic database and over 14,000 bates labeled pages or files outside of the database. The government provided a supplemental production of 2,860 bates labeled pages or files (including a collection of key documents that had already been produced but were grouped for counsel's convenience) on June 22, 2026.

(2)     Additional Discovery

The government recently learned of a TIII order and related materials in a different case that resulted in the recording of a small number of calls involving the defendant. The government has produced the calls, and will provide the TIII materials, which were just unsealed and the government just received a copy of today, to the defense on Monday, June 29, after the assigned AUSA returns from scheduled time away. Otherwise, the government believes that automatic discovery is complete, although it is aware of its duty to supplement and will promptly supplement its production if it identifies additional discoverable materials.

1

(3)     <u>Timing of Additional Discovery Requests</u>

The defendant needs time to review the discovery that has been produced, including the most recent supplemental production. He will make any additional discovery requests prior to the next status conference.

(4)     <u>Protective Orders</u>

The Court endorsed a discovery protective order, Dkt. No. 32.

(5)     <u>Pretrial Motions</u>

It is premature for the defendant to decide whether to file any motions under Fed. R. Crim. P. 12(b). The defendant will report whether he intends to file any such motions at the next status conference.

(6)     <u>Expert Discovery</u>

As the parties previously reported, the government will provide any expert witness disclosures 21 days prior to trial, and the defendant will provide any expert witness disclosure 14 days prior to trial.

(7)     <u>Defenses of Insanity, Public Authority, or Alibi</u>

The Defendant has not yet determined if he intends to raise the defenses of insanity, public authority, or alibi.

(8)     <u>Speedy Trial Act</u>

All of the time has been excluded from the date of defendant's arraignment on December 12, 2025, through the date of the interim status conference scheduled for June 30, 2026. *See* Dkt. Nos. 10, 23, 34, 43.[1] The parties request that the time be excluded until the next status conference. The parties agree that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

(9)     <u>Plea Discussions</u>

The parties have not yet engaged in any post-charging plea discussions. The parties anticipate a trial would last approximately two weeks.

---

[1] The parties believe that the Court stated on the record at the April 28 hearing that the time until the June 30 hearing would be excluded; however, no written order entered. The parties therefore request that the Court enter a written order excluding the time from April 28, 2026 through the date of the final status conference.

(10)    <u>Next Status Conference</u>

Given all of the foregoing information, the parties request that the interim status conference, scheduled for June 30, 2026, be canceled. The parties request that one last interim status conference be scheduled in approximately 45 days.

Respectfully submitted,

| DAVID EBRAHIMZADEH<br>By his attorney,<br><br><br><br>*/s/ Scott Seitz*<br>Robert Fisher<br>Scott Seitz<br>Nixon Peabody LLP<br>53 State St.<br>Boston, MA 02109<br>sseitz@nixonpeabody.com<br>617.345.1000 | UNITED STATES OF AMERICA<br>By its attorney,<br><br>LEAH B. FOLEY<br>United States Attorney<br><br>*/s/ Elianna J. Nuzum*<br>Elianna J. Nuzum<br>Assistant United States Attorney<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>elianna.nuzum@usdoj.gov<br>617.748.3100 |

Dated: June 24, 2026

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Elianna J. Nuzum*
Elianna J. Nuzum
Assistant United States Attorney

Dated: June 24, 2026

3