UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID EBRAHIMZADEH,<br><br>Defendant | ) | Criminal No. 25-10455-RGS |

**NUNC PRO TUNC ORDER ON EXCLUDABLE TIME**

August 18, 2026

Hennessy, M.J.

In their joint submission regarding the August 17, 2026 Final Status Conference, the parties suggested that at the April 28, 2026 status conference and hearing the Court orally excluded a continuance in the case from April 28, 2026 to June 30, 2026, but failed to reduce the oral order to writing. Having reviewed the docket and an audio recording of the April 28, 2026 status conference, I confirm what the parties (diplomatically) suggest. Accordingly,

I hereby ORDER, nunc pro tunc, the exclusion of time pursuant to the below-referenced provision of the Speedy Trial Act from April 28, 2026 (the date of the Interim Status Conference), through June 30, 2026 (the date of the Further Interim Status Conference). I exclude this time pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy

trial. Specifically, in accordance with Local Rule 112.2(c) of the Local Rules of the United States District Court for the District of Massachusetts (2026), I find that the United States needs this continuance to produce additional discovery including a Title III recordings from another case, but involving Defendant, and some 2860 pages of discovery; and Defendant needs this continuance to review both this new discovery and the voluminous discovery pertaining to this prosecution. I further find that to not grant such a continuance would deny both the United States and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

/ s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).